UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARNELL JOHNSON, | No. 2:25-cv-3050 CSK P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed with his Fourth Amendment and Fourteenth Amendment claims against doe defendant California Correctional Health Care Services ("CCHCS") data entry employee, or plaintiff may elect to amend his complaint as discussed below.

**II.  SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## III.    THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## IV.  PLAINTIFF'S REQUEST TO TRANSFER EXHIBITS

Plaintiff requests that all exhibits filed by plaintiff in case no. 2:25-cv-1423 DC CSK P be transferred to the instant action.  (ECF No. 7.)  For the following reasons, this request is denied.

In case no. 2:25-cv-1423, plaintiff raised the same claims as are raised in the instant

3

action.[1]  On September 11, 2025, in case no. 2:25-cv-1423, this Court ordered plaintiff to show cause why case no. 2:25-cv-1423 should not be dismissed based on plaintiff's failure to exhaust administrative remedies prior to filing the action.  See 2:25-cv-1423 (ECF No. 14).  On October 3, 2025, plaintiff voluntarily dismissed case no. 2:25-cv-1423.  See Case No. 2:25-cv1423 (ECF No. 18).  Plaintiff filed the instant action on October 20, 2025.  (ECF No. 1.)

Although the instant action and case no. 2:25-cv-1423 raise the same claims, plaintiff's request to transfer all exhibits filed in case no. 2:25-cv-1423 is denied because not all exhibits filed by plaintiff in case no. 2:25-cv-1423 are relevant to the instant action.  In case no. 2:25-cv-1423, plaintiff filed documents regarding his exhaustion of administrative remedies.  See 2:25-cv-1423 (ECF No. 10).  Documents filed in case no. 2:25-cv-1423 regarding plaintiff's exhaustion of administrative exhaustion are not relevant to the instant action because plaintiff's complaint filed in the instant action reflects exhaustion of administrative remedies.  Instead, in the instant order, this Court takes judicial notice of the exhibits attached to plaintiff's complaint filed in case no. 2:25-cv-1423 to the extent they are relevant to this Court's screening of the complaint.

**V.  PLAINTIFF'S COMPLAINT**

Named as defendants are California Correctional Health Care Services ("CCHCS"), Policy and Risk Management Services ("PRMS"), two doe CCHCS data entry employees and a doe defendant identified as "recipient."  (ECF No. 1 at 1-3.)  Plaintiff claims that on August 21, 2023, a CCHCS employee intentionally sent an unencrypted email containing plaintiff's protected health information to an unauthorized recipient at the unauthorized recipient's personal email address.  (Id. at 3.)  Plaintiff alleges that the email contained plaintiff's name, California Department of Corrections and Rehabilitation ("CDCR") risk level and medical information.  (Id. at 3-4.)

As federal claims, plaintiff alleges violations of the Fourteenth Amendment and right to

---

[1]  This Court takes judicial notice of the record in case no. 2:25-cv-1423.  See Fed. Rule of Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents filed in other action); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of "documents on file in federal or state courts").

privacy. (Id. at 3.) Plaintiff also raises the following state law claims: 1) violation of the California Information Practices Act; 2) violation of the California Confidential Medical Information Act; 3) breach of confidence; 4) negligence; 5) breach of implied contract; 6) breach of the implied covenant of good faith and decency; 7) unfair business practices; and 8) unjust enrichment. (Id.)

As relief, plaintiff seeks money damages. (Id. at 5.)

## VI. DISCUSSION

### A. Defendants CCHCS and PRMS

Defendant CCHCS is a state agency and defendant PRMS appears to be a state agency or an arm of a state agency. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a § 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies or individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) (finding CDCR and California Board of Prison Terms entitled to Eleventh Amendment immunity). Further, Eleventh Amendment immunity extends to state law claims over which a federal court could exercise supplemental jurisdiction. See Pennhurst v. State School & Hosp. v. Halderman, 465 U.S. 89, 121 (1984). Accordingly, plaintiff's federal and state law claims against defendants CCHCS and PRMS are barred by the Eleventh Amendment.

### B. Claims Against Doe Defendants

#### 1. Right to Privacy and Fourteenth Amendment Claims

At the outset, this Court finds that plaintiff's right to privacy and Fourteenth Amendment claims appear to be based on the alleged disclosure of plaintiff's confidential medical

5

information.  Regarding these claims, plaintiff names as defendants the doe defendant CCHCS data entry employee who allegedly disclosed plaintiff's confidential medical information and the doe defendant recipient of that information.  Although plaintiff names two CCHCS data entry employees as doe defendants, the complaint alleges that one CCHCS data entry employee disclosed plaintiff's confidential medical information.  This Court first discusses the relevant exhibits addressing plaintiff's right to privacy and Fourteenth Amendment claims.

Attached as an exhibit to the complaint filed in the instant action is the Headquarters' Level Response to plaintiff's administrative grievance regarding the release of plaintiff's confidential medical information.  The Headquarters' Level Response states,

> The Health Care Correspondence and Appeals Branch has received your health care grievance regarding the notification you were sent informing you of the potential release of your protected health information or personally identifiable information to an unauthorized party.  Please carefully read the original notification you were sent regarding the potential release of your personal information.

(ECF No. 1 at 6.)

The Headquarters' Level Response refers to Information Security Incident Number 25032800.  (Id.)  Attached as an exhibit to the complaint filed case no. 2:25-cv-1423 is a letter addressed to plaintiff from a CCHCS Privacy Officer dated April 7, 2025.  See case no. 2:25-cv-1423 (ECF No. 1 at 8-9).  This letter states, in relevant part,

> We are writing to inform you about a recent privacy incident that may have affected your Protected Health Information (PHI).  While we have no evidence to suggest that your personal information has been misused, we are taking this matter seriously and are committed to transparency in this matter.
>
> What Happened
>
> On or about March 27, 2025, California Correctional Health Care Services (CCHCS) discovered a disclosure of your unencrypted PHI. It was reported that on or about August 21, 2023, an employee sent an unencrypted email containing your PHI to an unauthorized recipient at their personal email address.
>
> What Information Was Involved
>
> The PHI contained in the email was your last name, CDCR #, risk level and medical information.

6

Case No. 2:25-cv-1423 (ECF No. 1 at 8).

This letter also states that the CCHCS Privacy Office instructed the recipient of the email containing plaintiff's confidential information to destroy the email and/or delete any emails containing plaintiff's confidential information. See Case No. 2:25-cv-1423 (ECF No. 1 at 8). This letter states, "We have since obtained an attestation from the recipient confirming that the information was not further disclosed, and it was deleted on August 21, 2023." See Case No. 2:25-cv-1423 (ECF No. 1 at 8). This letter refers to "CDCR ISIR # 250328001." See Case No. 2:25-cv-1423 (ECF No. 1 at 9). Therefore, it appears that the Headquarters' Level Response and the letter from the CCHCS Privacy Officer refer to the same incident. While the Headquarters' Level Response refers to the potential release of plaintiff's confidential medical information, the letter from the CCHCS Privacy Officer indicates that plaintiff's confidential medical information was actually disclosed.

In Seaton v. Mayberg, 610 F.3d 530 (9th Cir. 2010), the Ninth Circuit found that prisoners do not have a constitutionally protected expectation of privacy under the Fourth Amendment in prison treatment records where the state has a legitimate penological interest in access to them. See 610 F.3d at 534-35. The Ninth Circuit has recognized a Fourteenth Amendment constitutionally protected privacy interest in avoiding disclosure of private personal matters, including medical records. See Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998) ("The constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality.") (citing Doe v. Attorney Gen. of the United States, 941 F.2d 780, 795 (9th Cir. 1991)). This Court finds that plaintiff states a potentially colorable claim for violation of his right to privacy against the doe defendant CCHCS data entry employee who allegedly disclosed plaintiff's confidential medical information. At this time, this Court need not determine whether plaintiff's claim for violation of his right to privacy is properly raised as a Fourth and/or Fourteenth Amendment claim.

For the following reasons, this Court finds that plaintiff does not state a potentially colorable claim for violation of his right to privacy under either the Fourth or Fourteenth Amendments against the doe defendant who allegedly received plaintiff's confidential medical

7

information from the doe defendant CCHCS data entry employee.  First, plaintiff does not identify the doe defendant who allegedly received plaintiff's confidential information as a state actor.  In order to state a claim under § 1983, a plaintiff must allege that: 1) defendant was acting under color of state law at the time the complained of act was committed; and 2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  Second, plaintiff fails to state a potentially colorable claim for violation of the right to privacy against the doe defendant who allegedly received plaintiff's confidential medical information because there is no claim that this doe defendant went on to disclose plaintiff's medical confidential information to anyone after receiving the confidential medical information.  Accordingly, plaintiff's claim for violation of the right to privacy against the doe defendant who allegedly received plaintiff's confidential information is dismissed.

2.  State Law Claims Against Doe Defendants

Plaintiff raises the following state law claims: 1) violation of the California Information Practices Act; 2) violation of the California Confidential Medical Information Act; 3) breach of confidence; 4) negligence; 5) breach of implied contract; 6) breach of the implied covenant of good faith and decency; 7) unfair business practices; and 8) unjust enrichment.  (ECF No. 1 at 3.)

This Court first observes that it can find no authority establishing a claim for breach of the implied covenant of good faith and decency.  For this reason, this claim is dismissed.

To state a state law claim, plaintiff must demonstrate compliance with the California Government Claims Act.  Cal. Gov't Code § 810, et seq.  The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011).  A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues.  Cal. Gov't Code § 911.4.

Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  See State v. Superior Court (Bodde), 32

8

Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act must be pled in the complaint. See id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. See Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007). Such requirements also apply to state law claims included in a federal action under § 1983. See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

Plaintiff fails to plead compliance with the Government Claims Act as to his state law claims.[2] Accordingly, plaintiff's state law claims are dismissed. If plaintiff files an amended complaint raising state law claims, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**VII. PLAINTIFF'S OPTIONS**

Plaintiff may proceed with his potentially colorable Fourth and/or Fourteenth Amendment claims against the doe defendant CCHCS data entry employee or he may file an amended complaint. Plaintiff is granted thirty days to file an amended complaint. Plaintiff is not granted leave to add new claims or new defendants. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted). Once plaintiff files an amended complaint, the original pleading is superseded.

If plaintiff opts to proceed with his complaint as to the doe defendant CCHCS data entry employee, plaintiff must identify the doe defendant with sufficient information so that service of process may be effectuated. After the operative complaint is determined, this Court will issue

---

[2] Plaintiff must comply with the Government Claims Act as to his claims brough pursuant to the California Information Practices Act and the California Confidential Medical Information Act. See Bates v. Franchise Tax Bd., 124 Cal. App. 4th 367, 382-85 (2004) (claims under the California Information Practices Act are not exempt from compliance with the Government Claims Act); Smith v. Sonoma Valley Health Care District, 2024 WL 3884162 (Cal. App. 2024) (applying Government Claims Act to claims raised under California Confidential Medical Information Act).

further orders addressing how plaintiff may discover the identity of a doe defendant.  See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (if identity of defendant is unknown, plaintiff should be given opportunity through discovery to identify the unknown defendant).

**VIII.  PLAINTIFF'S MOTION FOR SUBPOENAS AND REQUEST FOR TRANSFER OF MOTION FOR SUBPOENA**

On October 20, 2025, plaintiff filed a letter addressed to the Clerk of the Court docketed as "motion to subpoena health records." (ECF No. 2.)  In this document, plaintiff appears to request subpoenas so that he may obtain health records in order to identify the doe defendants named in this action.  (Id.)  On January 15, 2026, plaintiff filed another letter addressed to the Clerk of the Court docketed as "Request for Transfer of Motion for Subpoena."  (ECF No. 10.)  In this letter, plaintiff also appears to request subpoenas so that he may obtain information regarding the identity of the doe defendants named in this action.  (Id.)  These requests are denied as premature.  As stated above, after the operative complaint is determined, the Court will issue further orders addressing how plaintiff may discover the identity of a doe defendant.

**IX.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All claims but for the Fourth and Fourteenth Amendment claims against the doe defendant CCHCS data entry employee are dismissed.  Within thirty days of service of this order, plaintiff may file an amended complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Fourth and/or Fourteenth Amendment claims against doe defendant CCHCS data entry employee.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so

indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

6.  Plaintiff's motion to subpoena mental health records (ECF No. 2), request to transfer exhibits (ECF No. 7) and request for transfer of motion for subpoena (ECF No. 10) are denied.

Dated:  February 10, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

John3050.14op/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH DARNELL JOHNSON,

                    Plaintiff,

          v.

CALIFORNIA CORRECTIONAL
HEALTHCARE SERVICES, et al.,

                    Defendants.

No. 2:25-cv-3050  CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his Fourth and Fourteenth Amendment claims against doe defendant CCHCS data entry employee.  Under this option, plaintiff consents to dismissal of the remaining claims and defendants without prejudice.

**OR**

_____    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                          Plaintiff

12