UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARNELL JOHNSON, Plaintiff, v. CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, et al., Defendants. | No. 2:25-cv-3050 CSK P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action. This order addresses the following pleadings: (1) plaintiff's notice of election form (ECF No. 14); (2) a pleading docketed as plaintiff's "first amended prisoner civil rights complaint (ECF No. 15); (3) plaintiff's motions for appointment of counsel (ECF Nos. 16, 20); (4) plaintiff's "notice to proceed on cognizable claims" (ECF No. 17); and (5) plaintiff's motion for discovery (ECF No. 19); and plaintiff's motion to compel (ECF No. 23).

## I. NOTICE OF ELECTION FORM, FIRST AMENDED COMPLAINT, NOTICE TO PROCEED ON COGNIZABLE CLAIMS

On February 10, 2026, this Court found that plaintiff's complaint stated potentially colorable Fourth and/or Fourteenth Amendment claims against doe defendant CCHCS data entry employee. (ECF No. 11.) This Court found that the remaining claims in the complaint were not

potentially colorable. (Id.) Plaintiff was granted thirty days to either file an amended complaint or inform the Court that he opted to proceed on the potentially colorable Fourth and/or Fourteenth Amendment claims against doe defendant CCHCS data entry employee. (Id.) On March 2, 2026, plaintiff filed a Notice of Election form indicating that he opted to proceed with his Fourth and Fourteenth Amendment claims against doe defendant CCHCS date entry employee and consented to dismissal of the remaining claims and defendants without prejudice. (ECF No. 14.) Under this option, plaintiff consented to dismissal of the remaining claims and defendant without prejudice. (Id.) On March 2, 2026, plaintiff also filed a document titled "Amended Complaint." (ECF No. 15.) This document appears to contain briefing addressing claims raised in the original complaint. (Id.) On March 9, 2026, plaintiff filed a pleading docketed as "notice to proceed on cognizable claims." (ECF No. 17.) In this pleading, plaintiff states that he is not amending his complaint but elects to proceed on the claims identified in the Notice of Election form. (Id.) Because plaintiff has made clear that he intends to proceed with his Fourth and/or Fourteenth Amendment claims against doe defendant CCHCS data entry employee, as reflected in the Notice of Election form filed March 2, 2026, plaintiff's amended complaint is disregarded and this Court below addresses how plaintiff may discover the identity of this doe defendant. See Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (if identity of defendant is unknown, plaintiff should be given opportunity through discovery to identify the unknown defendant).

Plaintiff may seek to identify the doe defendant CCHCS data entry employee by using a CDCR Form 22. Plaintiff might also request copies of other relevant records that may include the actual name of doe defendant CCHCS data entry employee. See, e.g., Thompson v. Allison, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain names of these [John doe] individuals by accessing his classification records or using CDCR Form 22"). Otherwise, plaintiff may request the Court issue a subpoena to obtain the necessary information.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally a subpoena is

not taken lightly by the court." Austin v. Winett, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. Id.

Plaintiff is granted ninety days in which to discover the identity of doe defendant CCHCS data entry employee. Once plaintiff discovers the identity of this doe defendant, plaintiff shall substitute this defendant's actual name by filing a notice of substitution. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). If, within ninety days, plaintiff fails to file a notice of substitution that provides the actual name of doe defendant CCHCS data entry employee, this Court will recommend dismissal, without prejudice, of this action.

## II. MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff filed two motions for appointment of counsel. (ECF Nos. 16, 20.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motions for appointment of counsel are denied.

## III. MOTION FOR DISCOVERY AND MOTION TO COMPEL

In the motion for discovery, plaintiff appears to request that the court provide plaintiff with the name and job title of doe defendant CCHCS data entry employee. (ECF No. 19 at 1.) Plaintiff also requests that the court provide plaintiff with all incidents report pertaining to the "notice of breach" and information regarding staff involved in the incident and any reports requiring employees to enroll in privacy awareness mitigation training. (Id.)

Before plaintiff engages in discovery, plaintiff must discover the identity of doe defendant CCHCS data entry employee using the procedures discussed above. The court is not authorized to obtain and provide plaintiff with the name of doe defendant CCHCS data entry employee. For these reasons, plaintiff's motion for discovery is denied.

In the motion to compel, plaintiff appears to request that the court provide him with documents including an incident report dated August 21, 2022, incident report nos. 25032800 and 250328001, and the names of those involved in these reports. (ECF No. 23.) This motion is denied because the court is not authorized to obtain and provide plaintiff with discovery documents. As discussed above, before plaintiff engages in discovery, plaintiff must discover the identity of doe defendant CCHCS data entry employee using the procedures discussed above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (ECF No. 15) is disregarded.

2. Plaintiff is granted ninety days in which to discover the identity of doe defendant CCHCS data entry employee. Once plaintiff discovers the identity of this doe defendant, plaintiff shall substitute this defendant's actual name by filing a notice of substitution. If, within ninety

days, plaintiff fails to file a notice of substitution that provides the actual name of doe defendant CCHCS data entry employee, this Court will recommend dismissal of this action without prejudice.

3. Plaintiff's motions for appointment of counsel (ECF Nos. 16, 20) are denied.

4. Plaintiff's motion for discovery (ECF No. 19) is denied.

5. Plaintiff's motion to compel (ECF No. 23) is denied.

Dated: July 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

John3050.ord/2