UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DARNELL JOHNSON,<br>Plaintiff,<br>v.<br>CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES, et al,<br>Defendants. | No. 2:25-cv-3050 CSK P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, plaintiff's request for issuance of the subpoena filed September 8, 2026 is denied without prejudice.

This action proceeds on plaintiff's Fourth and Fourteenth Amendment claims against doe defendant California Correctional Health Care Services ("CCHCS") data entry employee raised in the original complaint. (ECF Nos. 1, 11, 25.) Plaintiff claims that on August 21, 2023, doe defendant CCHCS data entry employee intentionally sent an encrypted email containing plaintiff's protected health information to an unauthorized recipient at the unauthorized recipient's personal email address. (ECF No. 1 at 3-4.) On July 28, 2026, this Court granted plaintiff ninety days in which to discover the identity of doe defendant CCHCS data entry employee. (ECF No. 25)

In response to the July 28, 2026 order, on September 8, 2026 plaintiff filed a subpoena addressed to CCHCS Policy and Risk Management Services. (ECF No. 29.) Plaintiff requests that CCHCS Policy and Risk Management Services be ordered to produce the name and address of "employee jon doe." (Id.)

As stated in the order filed July 28, 2026, a motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identifiable third party. See e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. Id.

Plaintiff's subpoena does not contain sufficient information regarding the identity of doe defendant CCHCS data entry employee in order for CCHCS Policy and Risk Management Services to identify this doe defendant. For this reason, plaintiff's request for issuance of the subpoena filed September 8, 2026 is denied without prejudice. If plaintiff resubmits his request for issuance of a subpoena, the subpoena shall include additional information so that CCHCS Policy and Risk Management Services may identify the doe defendant, including doe defendant CCHCS data entry employee's job title and how and when doe defendant CCHCS data entry employee allegedly disclosed plaintiff's protected health information. Plaintiff may include this information in a declaration attached to the subpoena.[1] In addition, plaintiff did not file a motion showing that the identity of doe defendant CCHCS data entry employee is only obtainable through CCHCS Policy and Risk Management Services.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for issuance of subpoena (ECF No. 29) is denied without prejudice.

---

[1] The subpoena filed September 8, 2026 names doe defendant CCHCS data entry employee in the caption of the subpoena but does not make clear that plaintiff is seeking the identity and address of this doe defendant in the section of the subpoena where plaintiff identifies the information sought. (ECF No. 29 at 1.)

Dated: September 16, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

John3050.ord(4)/2